**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA TERESA ROMERO;<br>SERVANDO ROMERO,<br><br>Petitioners,<br><br>v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>Respondent. | No. 07-73152<br><br>Agency Nos. A079-520-825<br>A079-520-826<br><br>MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2010[**]

Before:     SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

Maria Teresa Romero and Servando Romero, natives and citizens of

Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order

denying their motion to reopen removal proceedings conducted in absentia. We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

KS/Research

have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and de novo questions of law, including claims of ineffective assistance of counsel. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and grant in part the petition for review, and remand for further proceedings.

The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely as it pertains to their former counsel, because the motion was filed more than five years after the March 6, 2002, in absentia order, *see* 8 U.S.C. § 1229a(b)(5)(C)(i) (a motion seeking to reopen and rescind an in absentia removal order based on exceptional circumstances must be filed within 180 days), and petitioners failed to establish they acted with due diligence in bringing their ineffective assistance claim against their former counsel, *see Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003) (equitable tolling is available to petitioner who is prevented from filing due to deception, fraud or error, and exercises due diligence in discovering such circumstances).

The BIA abused its discretion in finding that petitioners' motion fails to state specific complaints of fraud or hardship as a result of their immigration consultant's conduct. In their motion to reopen, petitioners contended that they were prima facie eligible for cancellation of removal and that their consultant filed

numerous frivolous motions, thereby depriving them the opportunity to have their in absentia order rescinded and their proceedings reopened.  We therefore remand for the BIA to reconsider petitioners' claim against their immigration consultant in light of this discrepancy.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**